# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JAY THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 2:16-cv-244-WTL-DKL |
| ) | |
| SUPERINTENDENT, Wabash Valley ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). In this case, brought by Indiana prisoner Jay Thompson, the dispositive issue is one of procedural default. Because that default is unexcused, Thompson's petition for writ of habeas corpus must be **denied**. In addition, the Court finds that a certificate of appealability should not issue. This disposition is compelled by the following facts and circumstances:

1. Thompson and Richard Dillon planned to burglarize the home of William and Mary Hillborn in Petersburg, Indiana. On March 8, 1982, Thompson and Dillon gained access to the Hillborn home on a pretense. Once in the home, Dillon stabbed the Hillborns and Thompson

inflicted fatal stab wounds to each. Thompson was a 17-year old juvenile when he committed these crimes. The juvenile court waived jurisdiction and Thompson was tried as an adult.

2. Thompson was found guilty of both murders and of conspiracy to commit burglary. After initially being sentenced to death, Thompson's sentence after remand was reduced to consecutive 60-year sentences for the murders and a concurrent 30-year sentence for the conspiracy to commit burglary. This sentence was affirmed on appeal in *Thompson v. State*, 552 N.E.2d 172 (Ind. 1990).

3. On August 17, 1992, Thompson filed a petition for post-conviction relief. He filed amendments to his petition on May 19, 2005, July 18, 2005, October 3, 2006, November 2, 2006, and December 27, 2013, adding and substituting new claims each time. The State filed responses on March 8, 2005, and January 29, 2014, raising the defense of laches. Following hearings in 2014, the post-conviction court dismissed Thompson's post-conviction petition on July 21, 2014, based on laches.

4. The Indiana Court of Appeals affirmed the disposition just described. *Thompson v. State*, 31 N.E.3d 1002 (Ind.Ct.App.), *transfer denied,* 34 N.E.3d 1234 (Ind. 2015).

5. Thompson makes five claims in his habeas petition. Each is a specification of ineffective assistance of counsel.

6. The state courts denied Thompson's petition for post-conviction relief by applying Indiana's doctrine of laches. The respondent relies on this in arguing that Thompson has committed procedural default.

7. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,*

433 U.S. 72 (1977)). "A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). This doctrine is premised on the rule that federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315.

8. To be considered "adequate" to support the state court's judgment, the state procedural rule must be both "'firmly established and regularly followed.'" *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984)). In other words, the rule must be "clear [and] closely hewn to" by the state for a federal court to consider it as "adequate." *James*, 466 U.S. at 346 (alteration supplied). That does not mean that the state's procedural rule must be rigidly applied in every instance, or that occasional failure to do so will render the rule "inadequate." "To the contrary, a [state's] discretionary [procedural] rule can be 'firmly established' and 'regularly followed' — even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). Rather, the "adequacy" requirement means only that the procedural rule "must not be applied in *an arbitrary or unprecedented fashion*." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)(emphasis supplied).

9. A recent case illustrates how Indiana's doctrine of laches plays a legitimate role in identifying and respecting Indiana's procedural doctrines. In *Kelley v. Zoeller*, 800 F.3d 318 (7th Cir. 2015), the Court of Appeals considered a habeas action in which the Indiana courts had

concluded that the petitioner's claim was barred by laches. The Court of Appeals viewed the application of the doctrine of laches as "an adequate and independent state law ground that prevents collateral review of the claim . . . . Here, the state courts rested on the doctrine of laches in denying Kelley's claim for post-conviction relief. That adequate and independent state law ground for denying the claim may not be reviewed by a federal court." *Id.* at 327 (internal citations omitted). Even a decision less recent than *Kelley* reached and supports the same conclusion. In *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990), the state courts had denied a habeas petition relief on the basis that the state action for post-conviction relief was barred by the doctrine of laches. The Court of Appeals explained that this was a finding of procedural default because a petitioner's failure to comply with a state court laches rule effectively deprives the state courts of an opportunity to review the case, which constitutes procedural default. *Id.*

10. Thompson counters that Indiana has not applied its doctrine of laches in a consistent manner. This is a challenge to the fact that application of the laches doctrine appears to Thompson to be a discretionary procedural rule, but it has already been explained here that this does not make the rule ineligible as a legitimate basis for procedural default. "The Supreme Court has explained that a state substantive or procedural rule—including a discretionary procedural rule like this one—can serve as an adequate ground to bar federal habeas review." *Clemons v. Pfister*, 845 F.3d 816, 819–20 (7th Cir. 2017)(internal citations omitted).

11. Once laches is in place as the basis for Thompson's procedural default, the basis for applying the rule may not be reviewed by a court exercising federal habeas jurisdiction. *See Rhodes v. Dittmann,* 783 F.3d 669, 675–76 (7th Cir. 2015) (holding that a state court's decision to deny a petitioner's claim based on untimeliness was an independent and adequate ground for the state court's decision, precluding federal collateral review). As the Supreme Court has noted, the

federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

12. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In the present case, Thompson has encountered the hurdle produced by the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims.

13. Judgment consistent with this Entry shall now issue.

14. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Thompson has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 5/4/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

JAY R. THOMPSON
13149
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only